# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**TRAVIS C. BROWN**                                                                 **PLAINTIFF**

v.                              **CASE NO: 3:11cv00006 BSM**

**OSCEOLA
POLICE DEPARTMENT et al.**                                                **DEFENDANTS**

## ORDER

Plaintiff Travis C. Brown, currently held at the Mississippi County Detention Facility ("MCDF"), filed a *pro se* complaint [Doc. No. 2], pursuant to 42 U.S.C. § 1983, on January 10, 2011, naming as defendants the Osceola Police Department, Lt. Ollie Collins of the Osceola Police Department, Parole/Probation Officer Fred Wright and the State of Arkansas.

### I.  SCREENING

Before docketing the complaint, or as soon thereafter as practicable, the complaint must be reviewed to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations, however, must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  ANALYSIS

According to plaintiff's complaint, he is being held in the MCDF with "no charges, no fines, and no bond." Plaintiff seeks damages in the amount of $250,000 for lost wages, failure to follow the law, deprivation of his rights, and pain and suffering.

Plaintiff's claims against the State of Arkansas are prohibited by the Eleventh Amendment, and must therefore be dismissed. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Likewise, the Osceola Police Department is not subject to suit, and his claims against the police department must also be dismissed. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments of the city government and not separate juridical entities suable as such); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed.Appx. 436 (8th Cir. 2001) (unpublished per curiam) (sheriff's department not a suable entity).

Although Collins and Wright are subject to suit, it is clear that plaintiff is involved in an ongoing state proceeding. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is clear from the complaint that plaintiff is involved in an ongoing criminal proceeding. Given that the criminal matter is ongoing, that the state clearly has an important interest in enforcing criminal laws, and plaintiff's ability to raise constitutional challenges in the context of his criminal case, the correct action is to abstain from entertaining plaintiff's

constitutional claims. There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that the appropriate action is to abstain from entertaining plaintiff's claims, it must be decided whether to dismiss, or to stay, the case. When the *Younger* abstention applies in a case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). However, in *Stroud*, 179 F.3d at 603-04, the Eighth Circuit explained that:

> When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

*Id*. at 603-04 (internal citations omitted).

Here, plaintiff seeks damages, and does not seek a declaration that a state statute is unconstitutional. Accordingly, plaintiff's complaint should be stayed with respect to his claims against Collins and Wright, and administratively terminated.

### III. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's claims against the Osceola Police Department and the State of Arkansas are DISMISSED WITH PREJUDICE.

2. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of plaintiff's criminal charges.

3. This case is subject to reopening upon plaintiff's filing of a motion to reopen the case after such final disposition.

DATED this 1st day of April, 2011.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE